IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELINA MARCANO,

    Plaintiff,

v.

ASTRAZENECA LP, et al.,

    Defendants
_____/

No. C 06-02651 CRB

**ORDER OF REMAND**

    Plaintiff filed this lawsuit in state court making state law claims for wrongful termination/constructive discharge, defamation, fraud and intentional infliction of emotional distress. Plaintiff, a California citizen, sued Astrazeneca, and two individuals who are also California citizens. Astrazeneca answered the complaint.

    Several months later defendants removed the action to federal court. Although it is not entirely clear from the Notice of Removal, defendants appear to make two arguments in support of removal. First, they contend that because plaintiff has not responded to interrogatories regarding the individual defendants, plaintiff has admitted that these defendants are not liable. Second, they argue that the individual defendants are "shams" and therefore do not destroy diversity jurisdiction.

    There is a strong presumption against removal jurisdiction. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Defendants, as the removing party, have the burden of

1  proving that the non-diverse defendants are shams.  See id.  Defendants' Notice of Removal
2  does not meet this burden.

3      Defendants claim that plaintiff's "refusal to engage in either deposition or written
4  discovery [on the individual defendants' liability] should be deemed an admission that no
5  facts giving rise to individual liability against defendants exists."  Notice of Removal at ¶ 7.
6  Yet, the state court has not so ruled, and defendants do not cite any California authority that
7  unambiguously provides that plaintiff's cancellation of her deposition and failure to timely
8  respond to interrogatories mean that she cannot recover against the individual defendants;
9  indeed, the state court has not even ruled on any motion to compel.  Defendants' argument is
10 unprecedented, unsupported, and unpersuasive.

11     Defendants' "sham defendant" argument also fails.  The joinder of a nondiverse
12 defendant is fraudulent or a "sham" and does not defeat diversity jurisdiction if the plaintiff
13 fails to state a claim against the defendant, and the failure is obvious according to the settled
14 rules of the state.  See McCabe v. General Foods Corporation, 811 F.2d 1336, 1339 (9th Cir.
15 1987) ("fraudulent joinder is a term of art").  A party is deemed to have been joined
16 "fraudulently" if, "after all disputed questions of fact and all ambiguities in the controlling
17 state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against
18 the party whose joinder is questioned."  Kalawe v. KFC Management Co., 1991 WL 338566,
19 *2 (D. Hawaii July 16, 1991) (citing Kruso v. International Telephone & Telegraph Corp.,
20 ITT, 872 F.2d 1416, 1426 ( 9th Cir. 1989)).

21     First, to the extent defendants' sham argument is based on plaintiff's failure to
22 respond to interrogatories, it fails for the reasons explained above.  The state court has not
23 ruled what, if any, consequences will flow from plaintiff's delay in responding to the
24 interrogatory requests; thus, defendants have not shown that plaintiff could not possibly
25 recover against the individual defendants as a result of her untimely discovery response.

26     Second, to the extent defendants' argument is untethered to plaintiff's failure to
27 respond to the interrogatory responses, the removal is untimely.  See 28 U.S.C. § 1446(b).
28

2

1    As defendants have not shown that plaintiff could not possibly recover against the
individual defendants, this action is REMANDED to the Superior Court of the State of
California in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: April 28, 2006



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE